EL PUEBLO DE PUERTO RICO, demandante y apelado, v. BUENAVENTURA RODRÍGUEZ, acusado y apelante

No. 3790.—*Sometido:* Noviembre 5, 1929. *Resuelto:* Diciembre 23, 1929.

*Leopoldo Tormes,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se acusó a Buenaventura Rodríguez y a otras personas del delito previsto en el artículo 358 del Código Penal porque "dentro del salón de la Corte de Paz de Santa Isabel perturbaron la paz y tranquilidad del inmediato vecindario y la de la sesión de la corte . . . dando un viva en alta voz y forma estrepitosa, al partido Repúblico-Socialista, . . . viva que fué repetido y secundado por todos y cada uno de los acusados, dentro del salón de la corte . . ."

Los acusados fueron condenados por la Corte Municipal de Salinas. Apelaron para ante la Corte de Distrito de Guayama y celebrado el juicio de nuevo la corte de distrito

absolvió a seis y condenó a uno, Buenaventura Rodríguez, quien no conforme recurrió para ante este Tribunal Supremo.

██ Se alega como error la insuficiencia de la prueba. Sólo dos testigos declararon por parte de El Pueblo. Un policía y el juez municipal.

El policía, Salvador Morales, manifestó que la corte de paz se encontraba en la noche del 26 de julio 1928 celebrando juicios electorales; que surgió un incidente entre el abogado Felipe Colón y el juez porque el juez admitió a cierta persona que no era abogado que interviniera en los juicios; que Colón dijo:

"Pues entonces yo me voy, . . . cuando el licenciado Felipe Colón Díaz salió, la otra gente empezó a salir por la otra parte de la Corte, el señor Buenaventura Rodríguez salió por el frente del Juez, y con el permiso del Hon. Juez, al caminar a la acera dijo, que viva la Coalición Repúblico-Socialista, gritó, entonces, toda la gente, mucha gente que había allí, secundaron el grito, cuando el señor Buenaventura Rodríguez dijo así, en seguida cogí preso al señor Buenaventura Rodríguez que ya estaba en la acera y lo llevé a presencia del Juez."

El Juez de Paz Angel Torres, se expresó como sigue:

"R.—En uno de esos casos en que el señor Robledo como testigo pedía a la Corte que como testigo, bajo el juramento que él prestaba que le dejara hacer algunas declaraciones particulares que quería hacer en defensa del caso, que como testigo defendía, entonces el abogado que representaba al acusado pidió a la Corte que no era posible y yo declaré sin lugar la moción del abogado, dándole la oportunidad esa a Robledo, como testigo, y entonces el abogado dijo, bueno pues yo me voy y se fué, y detrás de él se fué también Ventura Rodríguez, y cuando se levantó, dentro de la Corte dió un viva al partido Repúblico-Socialista, y después que él dió ese viva, fué secundado el viva por muchas de las personas que estaban en la sala, en la parte atrás, las cuales yo no puedo decir si fueron unos y otros.—P.—Además de las personas que secundaron el viva del señor Rodríguez, Ud. vió alguno de estos acusados además del señor Rodríguez?—R.—No puedo decirle.—P.—Adoptaron igual actitud que el?—P.—No pude verlos, yo exclusivamente ví al señor Rodríguez que fué así frente de mi mesa.—P.—El grito ese que dió el señor

Rodríguez fué un grito estentóreo, fuerte?—R.—Un grito completamente estentóreo, fuerte.''

La prueba de la defensa tendió a demostrar que los hechos habían ocurrido fuera de la sala de la corte y que en modo alguno produjeron la alteración de la paz.

Un viva a un partido político es un acto lícito, susceptible de agitar las almas de los que lo oyen, entusiasmándolas, y capaz de producir una demostración pública ruidosa, pero que en sí mismo no constituye una perturbación delictiva de la paz, pero cuando ese viva se pronuncia como en este caso dentro del salón de una corte donde se celebra un juicio en la forma expuesta por el juez de paz, y de hecho se altera el orden, entonces constituye claramente por su propósito y efectos uno de los actos previstos y castigados por la ley, que lo es aquí el amplio artículo 358 del Código Penal.

Examinada, pues, la declaración del juez de paz no puede sostenerse que no hay prueba que sostenga la sentencia. Está dicha declaración en conflicto en ciertos extremos con la del otro testigo de cargo y con la evidencia que aportó la defensa, pero el juez de distrito le dió entero crédito, y no se ha demostrado que al actuar así lo hiciera movido por otro impulso que no fuera el de administrar justicia de acuerdo con los hechos y la ley.

*Debe confirmarse la sentencia recurrida.*

El juez Asociado Señor Texidor no intervino.